Per. Cur.
“The court is of opinion that the receipts and payments of the administrator to the end of the year 1779 ought not to have been reduced to specie, by the legal scale of depreciation, but to have been stated in paper, in which the receipts and payments were. The reasoning of the master commissioner, on the subject, tends to illustrate some of the evil effects of paper; but it belonged to the Legislature, and not to the Courts of Justice, to fix the mode of winding up that unhappy affair, so as to subject individuals, on the whole, to the least of unavoidable evils. Which was done by the act of 1781: Amongst other regulations, it is declared that all actual payments, made in paper in discharge of debts or contracts, should stand at their nominal amount and not be scaled: Nor is the case of such payments within the proviso empowering the courts to vary the scale upon equitable circumstances. Perhaps the conduct of this administrator is less exceptionable, than almost any which hath been brought before a court; since, in the next year after the intestates death, he paid the two complaining distributees all, nearly all, or probably over, their proportions of'the estate to that period. The account ought to be stated in paper to the time of the last payment to them, and the balance, either way, reduced by the scale of that month, carried to the account of subsequent specie articles, and interest allowed against the debtor from time to time thereafter. The court is further of opinion the *administrator ought to be allowed five per cent commissions on the amount of the sales and debts received by himself (but not on the loan office certificates or debts collected by Day, who probably retained a commission;) that allowance not being too great for selling and receiving, paying and accounting for the money, and risqueing the receipt of counterfeit paper; an instance of which appears to have happened to his loss. Amongst the loan certificates is a continental one for one thousand three hundred and forty seven pounds twelve shillings emissions of April and May-money 1778, which the administrator is charged with, because it is part of four thousand seven hundred and thirty nine pounds, thirteen shillings and four pence credited in his account for the certificates, besides a credit for the amount of the whole sales: This he states in his exceptions to have been a mistake as to the certificates in question; which were taken for paper money received for the sales and funded by him; and so a double charge. Which, tho’ not proved, is very probable; since the certificates, being after the intestates death, must have been for paper found in the house or received by- the administrator for sales or debts: Of the former eighty-pounds six shillings and six pence is accounted for, which it is presumed was all. It is remarkable that a like mistake was made by the administrator in the case of Armistead’s certificates which was corrected by the commissioner. This article, therefore, of one thousand three hundred and forty seven pounds twelve shillings ought to be open for enquiry and adjustment on taking the new account. The decree in favour of the representatives of William Woodford the co-administrator seems improper, since no contest, between them and the appellee, appears in the record, nor any account of their separate transactions, except in the state of the accounts by the commissioner; unless that was done by consent, *which would justify it. *291 And that the decree aforesaid is erroneous. Therefore it is decreed and ordered that the same be reversed and annulled; and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here; and the cause is remanded to the said High Court of Chancery, for that court to have the account, between the parties, reformed; and a decree entered, according to the principles of this decree.”